**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS, INC., | § § | |
| *Plaintiff* | § § | CIVIL ACTION NO. 6:22-CV-511-ADA |
| | § | CIVIL ACTION NO. 6:22-CV-512-ADA |
| -vs- | § | CIVIL ACTION NO. 6:22-CV-513-ADA |
| | § § | |
| MICRO-STAR INTERNATIONAL CO., LTD., | § § | |
| *Defendant* | § | |

**ORDER DENYING DEFENDANT MICRO-STAR INTERNATIONAL'S MOTION TO
TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Before the Court is Defendant Micro-Star International's Motion to Transfer Venue to the

Central District of California ("the Motion"). ECF No. 17. Defendant Micro-Star International

("MSI") moves to transfer to the Central District of California ("CDCA"), or in the alternative, the

Northern District of California ("NDCA"). *See id.* at 1–2. Plaintiff SVV Technology Innovations

Inc. ("SVVTI") opposes the motion. ECF No. 25.[1] MSI filed its Reply to support its motion. ECF

No. 27. After careful consideration of the parties' briefs and the applicable law, the Court **DENIES**

MSI's motion to transfer venue to the CDCA.

## I.     FACTUAL BACKGROUND

On May 19, 2022, Plaintiff SVVTI initiated three separate lawsuits against MSI in the

Western District of Texas ("WDTX") in which SVVTI claims that MSI infringed a total of 13

patents by allegedly making, importing, offering to sell, selling, and/or having sold in the United

States the numerous products expressly listed in the Complaints (the "Accused Products"). *See*

---

[1] Defendant Micro-Star International Co., Ltd. filed identical motions to transfer in the three
lawsuits filed against it by SVV Technology Innovations, Inc. *See SVV Technology Innovations,
Inc. v. Micro-Star International*, Civil Case Nos. 6:22-cv-511, -512, -513-ADA. Unless stated
otherwise, docket citations are to Civil Case No. 6:22-cv-511-ADA.

ECF No. 1, ¶¶ 32-37, 39, 42, 45–47, 49, 54; *see also* Civil Case No. 6:22-cv-512, ECF No. 1, ¶¶ 32-37, 39, 42, 45, 48, 50, 52, 54, 58; Civil Case No. 6:22-cv-513, ECF No. 1, ¶¶ 32-37, 39, 42, 45, 48, 53. Dr. Sergiy Vasylyev is identified as the sole named inventor and applicant listed on each of the following asserted patents asserted in the three pending lawsuits: (1) 6:22-cv-511: U.S. Patent Nos. 8,290,318 ("'318 Patent"), 880,342 ("'342 Patent"), 10,439,089 ("'089 Patent"), and 10,627,562 ('562 Patent"); (2) 6:22-cv-512: U.S. Patent Nos. 8,740,397 ("'397 Patent"), 9,678,321 ("'321 Patent"), 10,797,191 ("'191 Patent"), 10,838,135 ("'135 Patent"), and 10,868,205 ("'205 Patent"); and (3) 6:22-cv-513: U.S. Patent Nos. 10,269,999 ("'999 Patent"), 10,439,088 ("'088 Patent"), 10,613,306 ("'306 Patent"), and 11,276,795 ("'795 Patent") (collectively, the "Asserted Patents."). *See* ECF No. 1, at 1; Civil Case No. 6:22-cv-512, ECF No. 1 at 1; Civil Case No. 6:22-cv-513, ECF No. 1 at 1. SVVTI generally contends that each of the Asserted Patents relates to LED-backlit LCD display panels, which SVVTI alleges is incorporated into each of the Accused Products. *See generally* ECF No. 1 ¶¶ 25-56; Civil Case No. 6:22-cv-512, ECF No. 1 ¶¶ 25-60; Civil Case No. 6:22-cv-513, ECF No. 1 ¶¶ 25-55.

MSI filed its Motion on December 1, 2022, alleging that SVVTI is a California corporation and MSI is a Taiwanese corporation, neither of which has a relevant presence in this District. *See* ECF No. 17. SVVTI responded in opposition on February 27, 2023. ECF No. 25. MSI filed its Reply on March 6, 2023. ECF No. 27. MSI's Motion is now ripe for resolution.

## II.   LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district

court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient"

is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III.   DISCUSSION

### A.  Venue and Jurisdiction in the Transferee Forum

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the CDCA. To satisfy § 1404(a)'s preliminary question, the movant must show that venue and jurisdiction would have been proper in the transferee forum when the plaintiff filed suit. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 958384, at *5 (W.D. Tex. Mar. 25, 2022).

MSI argues that this action could have been brought in the CDCA because it is a foreign corporation, and thus may be sued in any judicial district under 28 U.S.C. § 1391(c)(3). ECF No. 17 at 5. Because SVVTI relies on this provision to claim proper venue in the WDTX, MSI alleges the same would be true in California. *Id.* at 6. Further, MSI claims that venue here is proper under a stream of commerce theory, because SVVTI alleges that "MSI has placed or contributed to placing infringing products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas." *Id.* (quoting ECF No. 1 ¶ 5).

But SVVTI contends that MSI has not established that it would be subject to specific personal jurisdiction in the CDCA. ECF No. 25 at 3 (citing *TMT Systems, Inc. v. Medtronic, Inc*., No. 6-20-cv-973-ADA, 2021 WL 5316406 (W.D. Tex. Oct. 12, 2021) (rejecting the assumption

that "if this Court finds that Medtronic is subject to venue in this District, then venue must be proper against Medtronic in the NDCA under the second prong of § 1400(b), because 'it has a wholly-owned subsidiary, Medtronic Vascular, with a regular and established placed of business' in the NDCA.")). SVVTI argues that the presence of MSI's subsidiary, CA MSI, does not provide MSI personal jurisdiction in the CDCA. *Id.* (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its [specific personal] jurisdiction over him."). Further, SVVTI argues that its allegations in its Complaint involving the WDTX do not apply to the CDCA. *Id.* at 4 n.2.

The Court agrees with MSI that it has established that the CDCA would have jurisdiction over it. As a foreign defendant, venue is proper in the CDCA under 28 U.S.C. § 1391(c)(3). The Court, however, rejects the argument that because MSI's subsidiary is in and engages in continuous business in the CDCA, that the CDCA also has jurisdiction over MSI. *See TMT Systems,* 2021 WL 5316406. MSI's conduct must form the basis for the CDCA's personal jurisdiction over it. As far as the Court can tell, it does not argue alter-ego or agency to establish imputation of CA MSI's contacts to MSI; indeed, it has not provided any facts or arguments as to why this Court should consider ignoring corporate formalities. The Court also rejects the notion that SVVTI's allegations in its Complaint that MSI is subject to personal jurisdiction in the WDTX would similarly apply to California. SVVTI alleges only that MSI directly or through affiliates, subsidiaries, agents, or intermediaries, places infringing products into the stream of commerce knowing they will be sold and used *in Texas*. ECF No. 1 ¶ 13. SVVTI makes no such argument in its Complaint regarding personal jurisdiction in California. *See* ECF No. 1.

But uncontroverted evidence shows that MSI continuously and systematically sends all U.S-bound MSI products to its California subsidiary, CA MSI, which imports and distributes the

Accused Products. *See* ECF Nos. 17-1, 17-2. This evidence brings MSI within the ambit of California's jurisdiction under the stream-of-commerce theory.

In view of the above, the Court thus finds that the § 1404(a) threshold requirement has been met because MSI has carried its burden to show that the CDCA would have jurisdiction over it. Accordingly, the Court proceeds to weighing the private and public interest factors, as discussed below.

### B.  The Private Interest Factors

### i.    *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342.

When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

MSI asserts that the cost and convenience of witness attendance favors transfer, because all its witnesses are in City of Industry, California, in the CDCA, or Taiwan. ECF No. 17 at 6. As a Taiwanese company headquartered in New Taipei City, Taiwan, MSI asserts that it has no relevant contacts with this District. *Id.* at 2. It claims that witnesses testifying about MSI's alleged infringement, the U.S. sales, importation, and marketing of MSI products, will come from MSI's subsidiary, CA MSI, located in City of Industry, California. ECF No. 17-1 ¶¶ 4, 8.[2] It specifically names CA MSI's President, Andy Tung, as being familiar with the accounting, sales, and importation information for the Accused Products as well as the logistics of their importation and product management. *Id.* ¶ 8. Mr. Tung lives in City of Industry, in the CDCA. *Id.* Mr. Tung, in his declaration, also avers that the CA MSI employees "most knowledgeable" about the Accused Products are in City of Industry. *Id*. MSI fails to specifically identify any of those witnesses. MSI's witnesses, it also asserts, will come from Taiwan. ECF No. 17 at 7. It argues that its Taiwanese employees would find it considerably less burdensome to fly from Taiwan to Los Angeles than to Waco. *Id.* In support, it argues that two airlines provide non-stop flights of about 12 hours between Taipei-Taoyuan International Airport and Los Angeles International Airport. *Id.* On the other hand, it argues that no airline offers non-stop flights from Taipei to Waco, Dallas/Fort Worth, or Austin, so the shortest available flights are almost 16 hours. *Id.*

Additionally, MSI argues that the CDCA would be more convenient for SVVTI's witnesses, as its sole officer and the sole inventor of the Asserted Patents, Dr. Vasylyev resides in

---

[2] MSI refers to its California subsidiary both as "US MSI" and "CA MSI."  *See* ECF Nos. 18; 18-1. To maintain consistency, and because MSI first refers to its subsidiary as "CA MSI", ECF No. 17 at 3, the Court will use "CA MSI."

Elk Grove, in the Northern District of California. *Id.* at 18. Elk Grove is about 400 miles from the CDCA, which requires only a short flight from Sacramento to Los Angeles, whereas travel to the WDTX would require a longer flight and overnight stay. *Id.* Regardless of Dr. Vasylyev's willingness to travel to this District, MSI maintains that the CDCA is undeniably more convenient.

On the other hand, SVVTI counters that this factor disfavors transfer or is at least neutral because MSI has no relevant employees in the U.S. ECF No. 29 at 7 (citing *Kajeet, Inc. v. Trend Micro, Inc*., 2022 U.S. Dist. LEXIS 6603, at *14 (W.D. Tex. Jan. 12, 2022) (finding Taiwan witnesses neutral)). It contends that MSI identifies only a single CA MSI employee, Mr. Tung, who MSI states is familiar with the accounting, sales, and importation information for the Accused Products as well as the logistics of their importation and product management. *Id.* (citing ECF No. 17 at 6)*. Regarding Mr. Tung's testimony, though, SVVTI questions its relevancy and why MSI would use CA MSI's importation information instead of its own. *Id.* at 5. Further, SVVTI argues that its principal and the inventor of the patents-in-suit, Dr. Vasylyev, is a willing witness whose travel distance MSI has not established would be under 100 miles to CDCA. *Id.* at 6. Under the Fifth Circuit's "100-mile rule," SVVTI argues that Dr. Vasylyev is far enough away from both districts to make both districts inconvenient. *Id.* at 7 (citing *Volkswagen I*, 371 F.3d at 204–05). It argues that this Court must use the Federal Circuit's inquiry asking whether the witnesses travelling to a distant forum are required to be away from their homes and work for an extended period of time. *Id.* (citing *Motion Offense, LLC v. Google LLC*, No. 6:21-cv-00514-ADA, ECF No. 79, pp. 16-17 (W.D. Tex. Oct. 4, 2022)).

Further, SVVTI claims that the cost of holding a trial in the CDCA is more expensive for every travelling witness than in Waco. *Id.* In support, SVVTI cites to the average rates of three to five-star hotels in Los Angeles. *See id.* It argues that, when compared to Waco, the difference in

hotel prices per night for comparable hotels in Los Angeles ranges from $46 to $103. *Id.* Thus, on average, witnesses will be spending more to stay in Los Angeles for trial. SVVTI argues that this factor disfavors transfer or should at least be neutral.

In its Reply, MSI reiterates that Mr. Tung is a willing non-party witness with relevant knowledge of accounting, sales, and importation information for the Accused Products, as well as product management, so his presence in the CDCA strongly favors transfer. ECF No. 27 at 2. Although SVVTI challenges Mr. Tung's relevance, the Court is convinced that Mr. Tung has at least some relevant knowledge of accounting, sales, and importation information for the Accused Products, so it will count him as a relevant witness. SVVTI cites no deposition testimony or other venue discovery in its Response that would provide a basis for this Court to sufficiently evaluate its challenges to Mr. Tung's relevancy. But the Court is not inclined to find that this factor "strongly favors transfer" based on the identification of only one witness.

MSI also acknowledges that its willing MSI witnesses will be traveling from Taiwan, and it alleges that its witnesses are "all located in City of Industry, California or Taiwan," *id.* at 6. But it later qualifies that MSI witnesses, "should any be necessary," will come from Taiwan. ECF No. 17 at 7. Mr. Huang, president of MSI, also stated in his declaration that "[MSI's] employees with relevant information about these cases all reside in Taiwan." ECF No. 17-2 ¶ 2. But apart from Mr. Tung, it gives no other indication of who its witnesses may be, whether from MSI in Taiwan or CA MSI in the CDCA. In light of MSI's failure to specifically identify any other witnesses, while simultaneously maintaining that its "witnesses testifying about MSI's alleged infringement, the U.S. sales, importation, and marketing of MSI products, will come from MSI's subsidiary CA MSI," the Court is left without sufficient knowledge to determine from where most of MSI's witnesses will be traveling for trial.

As to any Taiwan-based witnesses, although the distance between Taiwan and the CDCA is slightly shorter than the distance between Taiwan and Waco, the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing Volkswagen II, 545 F.3d at 317). Indeed, "the difference in distance is not as important as the difference in travel time and the fact that the witnesses would be required to be away from home for several days in any event." *See In re Google*, 2021 WL 4427899, at *4. The Taiwan-based witnesses will be required to travel a significant distance and be away from their homes for an extended period regardless of venue. *See In re Apple*, 979 F.3d at 1342; *see also AudioEye, Inc. v. accessiBe Ltd.*, No. 6:20-CV-997-ADA, 2022 WL 827805, at *6 (W.D. Tex. Mar. 9, 2022) ("The Court accords the convenience of [] Israeli-based witnesses little weight; they will travel a significant distance irrespective of transfer."). The Court thus declines to accord these witnesses much weight in its analysis.

Additionally, Dr. Vasylyev resides in Elk Grove, in the Eastern District of California. ECF No. 25-1 ¶ 2. SVVTI contends that because he would be required to travel over 100 miles to the CDCA, under the Fifth Circuit's "100-mile rule," travelling to either district will be inconvenient for him. The Court acknowledges that Dr. Vasylyev will have to travel over 100 miles to either District, but because of this, it will not accord much weight to his preference for traveling to this District over the CDCA. On the other hand, the Court will take into account the evidence SVVTI provides to show that the cost of attendance in Waco, on average, would be less expensive than in Los Angeles. *See* ECF No. 25 at 7.

*Conclusion.* Accordingly, taking into account Mr. Tung's presence in the CDCA, Dr. Vasylyev's in the Eastern District of California, and the cost of attendance in Waco compared with Los Angeles, the Court finds this factor weighs slightly in favor of transfer.

### ii.    The Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is relative ease of access, not absolute ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). However, the Fifth Circuit finds that "the location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, No. 22-11009, 2022 WL 16549164, at *3 (5th Cir. Oct. 31, 2022).

MSI argues that SVVTI's principal place of business in Sacramento, which is closer to the CDCA than this District, coupled with CA MSI's relevant evidence and its custodians in the CDCA, push this factor towards transfer. ECF No. 17 at 9–10. SVVTI again argues that MSI fails to explain how such CA MSI information relates to this case. ECF No. 25 at 9. It also counters that its documents are stored on cloud-based servers, accessible from anywhere, the location of which is not presently known. *Id.* Thus, it contends that this factor is neutral. *Id.*

Yet MSI replies that SVVTI failed to rebut MSI's evidence that relevant information relating to the Accused Products is in CDCA or in Taiwan. ECF No. 27 at 4. MSI, however, in its Motion, did not address the evidence in Taiwan. It argued only that CA MSI's "corporate records" and "knowledgeable witnesses" related to CA MSI's sales, importation, and marketing of MSI's

products in the United States are in the CDCA. ECF No. 17 at 10. Regardless, the Court notes that any evidence in Taiwan should not weigh in favor of or against transfer. *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums.").

The Fifth Circuit's decision in *In re Planned Parenthood* indicates a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. I*n re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id*. But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No., 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed. However, the Court still considers the location of document custodians of electronic documents in its analysis of this factor. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

On balance, the Court finds this factor is neutral. MSI's only argument as to why this factor should favor transfer is based on CA MSI's presence there, and thus its access to sources of proof there. The Court acknowledges that MSI does not contend that any design or development takes place in the CDCA, nor does it allege the location of CA MSI's servers, the categories of

information stored on its servers, or whether there is any physical documentation located in the CDCA. The Court thus accords this argument little weight.

Although MSI argues that SVVTI's principal place of business in Sacramento should also support transfer, SVVTI maintains that its documents are stored on cloud-based servers, accessible from anywhere, the location of which is not presently known. MSI does not argue otherwise; nor does it show any relevant physical evidence is stored at SVVTI's principal place of business. Regardless, Sacramento is not in the CDCA.

*Conclusion.* Accordingly, this factor is neutral.

### iii.     *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, 2018 WL 4692486, at *3 n.1.

Because it alleges that CA MSI employs individuals with information concerning the Accused Products' accounting, sales, importation, and product management, MSI argues this factor weighs in favor of transfer. ECF No. 17 at 9. It further asserts that it has identified prior

artists that reside in California but acknowledges that this is based on where the artists lived at the time of the relevant publications. *Id.*

As to the prior art witnesses, SVVTI notes, however, that at least one of MSI's prior art references identifies four inventors who currently reside in this District, and another identifies an additional inventor who also resides in Texas. ECF No. 25 at 8. MSI responds to this challenge by arguing that "the patent applications for MSI's identified prior art identify California-based inventors far more than they identify Texas-based inventors." ECF No. 27 at 4. But this argument does not address the prior artists current locations. Given the conflicting evidence regarding the present locations of the prior artist witnesses, and in observing the Court's usual practice of discounting prior artists because they rarely appear at trial, the Court accords these potential witnesses no weight.

The Court will, however, accord some weight to the presence of CA MSI's employees in the CDCA. SVVTI argues that it doesn't understand why MSI would seek to rely on non-party CA MSI's witnesses or records. ECF No. 25 at 5. SVVTI also asserts that MSI does not argue that compulsory process would be necessary for any CA MSI witnesses. *Id.* at 8. But "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). MSI, as it acknowledges in its Response, does not indicate that the CA MSI witnesses, apart from Mr. Tung, would be willing witnesses. The Court, therefore, will not presume willingness and will evaluate these witnesses under the compulsory factor.[3]

---

[3] The Court will also not evaluate Dr. Vasylyev under this factor, as he is a willing witness. ECF No. 25-1 ¶ 11.

Although the Court understands SVVTI's argument regarding MSI's reliance on non-party CA MSI's witnesses or records, it will not, at this stage, discount entirely the potential relevance of some CA MSI's witnesses, given that MSI credibly alleges that CA MSI is responsible for the importation and sales of the Accused Products. ECF No. 17 at 3. As the Court already noted, though, MSI fails to identify any employees by name or identify their relevancy with any specificity apart from its general allegation that the employees are knowledgeable of the Accused Products' accounting, sales, importation, and product management. ECF No. 17 at 9. The Court, therefore, only accords these unnamed witnesses some weight.

*Conclusion.* Taking into consideration that there are potentially relevant non-party CA MSI witness in the CDCA, this factor weighs slightly in favor of transfer.

### iv.    *All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive*

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

MSI argues that this factor is neutral because this case is still at its earliest stages. ECF No. 17 at 10. It also contends that even though SVVTI filed suits against ASUSTeK and Acer that

assert the same patents in this Court, the defendants in those cases also filed motions to transfer.[4] Thus, it argues that the existences of these related cases do not support keeping venue in this district. *See id.* at 11. SVVTI, however, argues that judicial economy and the avoidance of inconsistent judgments counsels against transferring this case. ECF No. 25 at 10.

The Court finds this factor weighs against transfer. This case has not yet proceeded to a *Markman*, and "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax*, 720 F.3d at 289. But in addition to the three related actions asserted by SVVTI against MSI, there are six other related co-pending cases before the Court. Those cases involve the same 13 patents asserted in this case. This Court already denied ASUSTeK's and Acer's motions to transfer, which raises a significant hurdle to transfer.[5] Transfer to the CDCA or the NDTX, while the other cases involving the same patents and questions proceed here, would create significant practical difficulties. Two courts ruling on the same patents asserted by the same plaintiff wastes judicial resources and risks inconsistent rulings on the patents-in-suit. Trying all nine cases in the same court increases judicial economy. In weighing this factor, the Court acknowledges that co-pending litigation is not dispositive, but it does weigh against transfer.

*Conclusion.* Accordingly, the Court finds that this factor weighs against transfer.

---

[4] *SVV Technology Innovations, Inc. v. ASUSTeK Computer Inc.*, No. 6:22-cv-311, -312, -313-ADA; *SVV Technology Innovations Inc. v. Acer Inc.*, No. 6:22-cv-639, -640, -641- ADA.
[5] *See* Civil Case No. 6:22-cv-311, ECF No. 42; Civil Case No. 6:22-cv-312, ECF No. 43; Civil Case No. 6:22-cv-313, ECF No. 43; *see also* Civil Case No. 6:22-cv-639, ECF No. 45; Civil Case No. 6:22-cv-640, ECF No. 46; Civil Case No. 6:22-cv-641, ECF No. 46.

### C.  The Public Interest Factors

#### i.  *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

The Court is not persuaded that this factor favors transfer because this Court has more patent cases than the CDCA. The Federal Circuit has previously held that there are "no significant differences in caseload or time-to-trial statistics" between the WDTX and the CDCA. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021). Although MSI argues that disposition at trial is faster in the CDCA for civil cases, it refers only generally to civil cases and does not specify the time-to-trial statistics for patent cases. ECF No. 17 at 12. Recent statistics show that this Court has been able to bring patent cases to trial within two years.[6] The Federal Circuit has even

---

[6] *See, e.g., MV3 Partners v. Roku, Inc.,* 6:18-cv-00308-ADA (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC, v. NCR Corp.*, No. 6:19-cv-00513-ADA (W.D. Tex., filed August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-cv-00057-ADA (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. v. Amazon.Com Inc.*, No. 6:21-cv-00511-ADA (W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc.*, No. 6:19-cv-00044-ADA (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus Tech. LLC v. Google LLC*, 6:20-cv-00101-ADA (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6:20-cv-00018-ADA (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare LLC v. Google LLC*, 6:19-cv-663-ADA (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage Inc. v. Nine Energy Serv.'s, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6:19-cv-00680-ADA (W.D. Tex., filed Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6:20-cv-00376-ADA (W.D. Tex., filed

acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g., Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). But the Federal Circuit has consistently told this Court to diminish the weight given to this factor and has concluded that the speed of the transferee district should not alone outweigh all other factors. *See In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023)(determining that "it was a clear abuse of discretion [for this Court] to accord this factor any weight" where "[i]t appears undisputed that [the patentee] is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution and give some significance to the time-to-trial difference.").

SVVTI also argues that another concern with transfer is the potential for significant delay to the parties in getting back on schedule for a trial date in the transferee district. ECF No. 25 at 12. But "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax*, 720 F.3d at 289.

*Conclusion.* Thus, the Court finds that this factor is neutral.

### ii.      *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook,*

---

May 11, 2020) (24 months from case filing to trial); *Caddo Sys. Inc., v. Microchip Tech. Inc.*, No. 6:20-cv-00245-ADA (W.D. Tex., filed March 27, 2020) (26.5 months from case filing to trial); *SunStone Information Def., Inc. v. International Bus. Machines Corp.*, No. 6:20-cv-1033-ADA (W.D. Tex., filed Nov. 9, 2020) (21.0 months from case filing to trial); *NCS Multistage Inc. v. TCO Products Inc.*, No. 6:20-cv-00622-ADA (W.D. Tex., filed Sept. 9, 2020) (23.4 months from case filing to trial); *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, No. 6:20-cv-00969-ADA (W.D. Tex. filed Nov. 16, 2020) (23.1 months from case filing to trial).

*Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Because of CA MSI's connections to the CDCA, MSI argues that this factor favors transfer there. ECF No. 17 at 11. It maintains that CA MSI originates each and every sale of the Accused Products, which gives the CDCA a local interest because of the relevant factual connection between the events and the venue. *Id.* SVVTI counters that because the Accused Products are sold nationwide and were not manufactured or designed there, that this factor should be neutral. ECF No. 25 at 12 (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)). Especially because MSI's products were not designed or manufactured in either forum, SVVTI contends that the Court should not weigh heavily MSI's general contacts with the CDCA that are untethered to the lawsuit. *Id.* Citing this Court's analysis in *Motion Offense, LLC v. Google LLC*,

SVVTI also argues that Dr. Vasylyev's presence near the CDCA is not sufficient. *Id.* (citing No. 6:21-cv-00514-ADA, ECF No. 79, p. 27 (W.D. Tex. Oct. 4, 2022)).

The Court agrees that SVVTI's and Dr. Vasylyev's presence in California, outside of the transferee district, does not necessarily give the CDCA a local interest in deciding this matter there. *See In re Apple*, 2022 WL 1676400, at *2; *In re Google*, 2021 WL 4592280, at *6. But MSI has established that CA MSI is responsible for the importation and sale of the Accused Products within the United States. Yet because CA MSI is indisputably not responsible for any design, development, or manufacturing, the Court accords only some weight to its presence in the CDCA. *See In re Apple*, 979 F.3d at 1345. Neither party argues that this District has any local interest in the suit.

*Conclusion.* Accordingly, the Court finds this factor weighs slightly in favor of transfer.

### iii.    *Familiarity of the Forum with the Law That will Govern the Case*

MSI argues that this factor should be neutral, and SVVTI agrees. ECF No. 17 at 12; ECF No. 25 at 13. The Court finds that this factor is neutral—both forums are familiar with the law that will govern the case.

### iv.    *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

MSI argues that this factor should be neutral, and SVVTI agrees. ECF No. 17 at 12; ECF No. 25 at 13. The Court finds that this factor is neutral.

### D.  Conclusion on Transfer to the CDCA

Having considered the private and public interest factors, the Court's conclusions for each factor is summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Cost of attendance for willing witnesses | Slightly favors transfer |
| Relative ease of access to sources of proof | Neutral |
| Availability of compulsory process to secure the attendance of witnesses | Slightly favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Against transfer |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Slightly favors transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

Three factors weigh only slightly in favor of transfer, one weighs against transfer, and the other four are neutral. The Court acknowledges that the practical problems factor, on its own, should not be dispositive. Yet even if the Court were to find this factor neutral, it would not change the Court's overall determination that MSI has failed to meet its burden to show that the CDCA is a clearly more convenient forum. MSI's Motion with respect to transfer to the CDCA is therefore **DENIED**.

### E.  MSI's Alternative Motion to Transfer to the Northern District of California

In the alternative, MSI argues that this Court should transfer the case to the NDCA if it transfers the co-pending SVVTI cases there. ECF No. 17 at 12. But the Court denied transfer in those cases. *See supra* at 16 n.5. Accordingly, the Court **DENIES** MSI's motion in the alternative to transfer to the NDCA without evaluating the private and public interest factors.

### IV.   CONCLUSION

Having considered both MSI's Motion to Transfer to the CDCA and its alternative Motion to Transfer to the NDCA, the Court concludes that for the above reasons, it should deny MSI's

Motion. MSI has failed to meet its burden to show that either the CDCA or the NDCA is a clearly more convenient venue. *Volkswagen II*, 545 F.3d at 314 n.10.

**IT IS THEREFORE ORDERED** that Defendant Micro-Star International's Motion to Transfer Venue to the Central District of California (ECF No. 17) is **DENIED.**

**SIGNED** this 4th day of April, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE